FILED

SEP - 2 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    )    Case No. 05-24348-C-7
                                         )
Lisa J. Johnston,                        )    DC No. RWI-1
                                         )
        Debtor.                          )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on April 15, 2005. On May 18, 2005, the trustee filed a report finding that there was property available for distribution from the estate over and above that exempted by the debtors. Debtor received a discharge from all dischargeable debts on July 19,

2005.

On August 12, 2005, Charlene Lawson, by and through William Lawson, as Conservator of the Estate of Charlene Lawson, Conservatee, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to pursue her rights with respect to a state court action pending in the Superior Court of California, County of Santa Clara.  The court notes that movant's proof of service indicates that movant failed to serve the trustee.

On August 23, 2005, debtor filed an opposition.  Movant filed a reply on August 26, 2005.  A hearing was scheduled for August 20, 2005.  Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge.  11 U.S.C. § 362(c)(2)(C).

The debtor was granted a discharge on July 19, 2005.  As a consequence, the stay expired vis-a-vis the debtor and was replaced by the discharge injunction.  11 U.S.C. § 524(a)(2). Thus, the motion for relief from the automatic stay as to the debtors is moot and will be denied.

As to the trustee, the motion will also be denied because the trustee was not served.  If a creditor has a claim against the estate or property of the estate, the trustee is the real

party in interest and must be served.

    The court notes that movant contends it is entitled to proceed in state court on a fraud theory because it claims not to have received adequate notice of the bankruptcy. The fact that the motion shall be denied vis-a-vis the debtor intimates no view by the court whether this debt was or was not discharged or whether the discharge injunction would or would not be violated by prosecuting the action in state court.

    Dated: September 2, 2005

_____
UNITED STATES BANKRUPTCY JUDGE